

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 1, 1957

Honorable Henry Wade
District Attorney
Dallas, Texas

Dear Sir:

Opinion No. WW-112

Re: The liability of the Dallas
County Hospital District for
negligent acts of its employ-
ees and the authority to pur-
chase public liability in-
surance.

You have submitted for our consideration certain ques-
tions concerning the operation of the Dallas County Hospital
District. The first involves the liability of the hospital dis-
trict for injuries resulting from the negligent acts or malprac-
tice of its agents or employees.

The Dallas County Hospital District was created under
the authority of Section 4 of Article IX of the Texas Constitu-
tion in the manner provided by the Texas Legislature in Article
4494n, Vernon's Civil Statutes. The hospital district is es-
tablished by an election initiated either by a petition of 100
resident qualified property taxpaying voters or by a motion of
the Commissioners' Court. Once created, the hospital district
supersedes other county or city-county hospital districts. The
district has the power of taxation to the extent of seventy-
five cents per one hundred dollar valuation, such tax to be lev-
ied by the County Tax-Assessor Collector and collected in the
same manner as county taxes. The Commissioners' Court of the
county has the power to issue and sell obligations of the hos-
pital district for construction, purchase, or enlargement of a
hospital or hospital system, after an election authorizing such
bonds.

The Board of Managers of the hospital district is ap-
pointed by the Commissioners' Court of the county, their duties
being to manage, control and administer the hospital system of
the hospital district. The statute specifically provides that
the Board of Managers shall have the power to sue and be sued.
In addition, the hospital district is given the right and power
of eminent domain.

The records of hospital districts organized under this
statute are subject to inspection by the State Department of

Health and the Commissioners' Court of the county, and the appropriate prosecuting attorney for the county is charged with the duty of representing the hospital district in all legal matters.

There is little doubt but that a hospital district created under the provisions of this statute is a governmental entity. Because of the view we take as to the nature of its purpose and operation, it is unnecessary for us to determine its exact nature. The courts of Texas have consistently held that the furnishing of hospital services by a municipality or county constitutes a governmental function. City of Dallas v. Smith, 107 S.W.2d 872 (Tex.Comm.App. 1937); Gartman v. City of McAllen, 107 S.W.2d 879 (Tex.Comm.App. 1937). Since the activity of operating a public hospital of this type is a governmental activity, no liability will attach for the negligent acts of the servants or employees of a hospital district, (41 C.J.S. Hospitals Section 8, Annotation 25 A.L.R.2d 203); City of Wichita Falls v. Robison, 121 Tex. 133, 46 S.W.2d 965 (1932); City of Dallas v. Smith, supra; Gartman v. City of McAllen, supra; 30-B Tex.Jur. Municipal Corporations, Section 635; Braissard v. Webb County, 128 S.W.2d 475 (Tex.Civ.App. 1939); Attorney General's Opinions S-55, V-1439, V-763, V-87; 11 Tex.Jur. Counties, Sec. 92. See also Hodge v. L.C.R.A., 163 S.W.2d 855, 856 (Tex.Civ.App. 1942, error dismissed on agreed motion).

Therefore, we conclude that the Dallas County Hospital District, being engaged in a governmental function only, is not liable for the negligent acts or malpractice of its agents or employees.

Your second question asks whether, if our answer to the first question does not impose liability on the hospital district, the hospital district has authority to issue a voucher in payment of premiums on public liability insurance policies.

Section 52 of Article III of the Texas Constitution governs this question, and reads as follows:

"The Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, . . ."

This office has consistently held, and properly so, that the Commissioners' Court of a county does not have authority to purchase public liability insurance covering the operation of governmental functions in which the county would not be liable for the negligent acts of its servants. Opinions S-55, V-763, O-1922 and O-5567. We think these holdings apply to your inquiry. You are, therefore, advised that the Board of Managers of the Dallas County Hospital District does not have authority to purchase public liability insurance coverage on the operations of the district.

The personal views of the Attorney General on this subject are expressed in a dissent to Bennett v. Brown County District, 153 Tex. 599, 272 S.W.2d 498 (1954).

We express our appreciation to Assistant District Attorney John Webster for his able brief which was most helpful to our office in the preparation of this opinion.

### SUMMARY

The Dallas County Hospital District is not liable for the negligent acts or malpractice of its agents or employees. The Hospital District cannot legally purchase liability insurance covering its operations. Section 52, Article III, Texas Constitution.

Very truly yours,

WILL WILSON
Attorney General of Texas

By _____
John H. Minton, Jr.
Assistant

JHM:zt:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
W. V. Geppert
Wallace Finfrock
B. H. Timmins, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

BY:   Geo. P. Blackburn